UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMIE WASHINGTON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No._____ |
| v. ) | |
| ) | |
| STELLAR RECOVERY, INC. ) | |
| and ) | |
| DYNIA & ASSOCIATES, LLC ) | |
| ) | |
| DEFENDANTS. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Jamie Washington, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## PARTIES

3. Plaintiff Jamie Washington is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted HSBC Bank, N.A. consumer credit account. Plaintiff Washington is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Stellar Recovery, Inc. ("Stellar") is a Florida corporation with its principal place of business at 4500 Salisbury Rd., Suite 105, Jacksonville, FL 32216. It does or transacts business in Illinois. Its registered agent and office are Business Filings Incorporated, 600 S. Second St., Suite 103, Springfield, IL 62704. (See Exhibit A, Record from Illinois Secretary of State)

5. Defendant Stellar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Stellar holds a collection agency license from the State of Illinois. (See Exhibit B, Record from Illinois Department of Financial and Professional Regulation).

7. Defendant Stellar is a debt scavenger that buys large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

8. Defendant Stellar is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed, if at all, to others.

9. Defendant Stellar is a "debt collector" as defined in 15 U.S.C § 1692a(6) of the FDCPA.

10. Defendant Dynia & Associates, LLC ("Dynia") is an Illinois Limited Liability Company with its principal place of business at 4849 N. Milwaukee Ave, Suite 801, Chicago, IL 60630. Dynia does or transacts business in Illinois. Its registered agent and office is located at 4849 N. Milwaukee Ave, Suite 801, Chicago, IL 60630. (See Exhibit C, Record from the Illinois Secretary of State).

11. Dynia is a collection agency and attempts to collect debts held by, among other entities, Stellar Recovery, Inc.

12. Dynia holds a collection agency license from the state of Illinois. (See Exhibit D, Record from Illinois Department of Financial and Professional Regulation).

13. Dynia regularly uses the telephone and mails to attempt to collect debts held by others.

14. Dynia is a "debt collector" as that term is defined in 15 U.S.C. 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

15. According to Defendants, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a HSBC Bank N.A./Bon Ton/Elder Beerman consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

16. Stellar purportedly purchased the alleged debt after default.

17. Stellar sent Plaintiff a collection letter ("Stellar Letter") on January 14, 2014. (Exhibit E, Stellar Letter).

18. The Stellar Letter conveyed information regarding the debt directly to Plaintiff, including an account number, the identity of the original creditor, and a current balance alleged as being due from Plaintiff.

19. The Stellar Letter is a communication as that term is defined at § 1692a(2) of the FDCPA.

20. The Stellar Letter claimed that $946.67 was due from Plaintiff as of that date.

21. Stellar subsequently hired or retained Dynia to collect the alleged debt from Plaintiff.

22. Dynia later sent Plaintiff a letter ("Dynia Letter") on April 14, 2014. (See Exhibit F, Dynia Letter).

23. Dynia sent the Dynia Letter at Stellar's direction.

24. The Dynia Letter is a communication as that term is defined at § 1692a(2) of the FDCPA.

25. The Dynia Letter communicated information regarding the alleged debt directly to Plaintiff, including an account number, the identity of the original creditor, and a current balance alleged as being due from Plaintiff.

26. The Dynia Letter alleged a balance due from Plaintiff of $1,134.77 as of April 14, 2014.

27. Either the alleged balance due communicated in the Stellar Letter on January 14, 2014 – that the amount of the debt was $948.67 – was false, or the balance due communicated in the Dynia Letter on April 14, 2014 – that the amount of the debt was $1,134.77 – was false; both amounts cannot be correct.

28. 15 U.S.C. §1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . .**

29. By falsely communicating to Plaintiff the amount of the debt it was attempting to collect from Plaintiff, Stellar and Dynia made materially false, deceptive or misleading statements in violation of §§ 1692e and 1692e(8) of the FDCPA.

30. The Dynia Letter alleged a balance due $186.10 higher than the Stellar Letter.

31. 15 U.S.C. §1692e of the FDCPA provides as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**
**(A) the character, amount, or legal status of any debt. . . .**

32. Dynia and Stellar made materially false statements, in violation of 15 U.S.C. §§ 1692e and 1692e(2) by inexplicably changing the amount of the debt they were attempting to collect, from $948.67 to $1,134.77, an increase of nearly 20% in 90 days.

33. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect ay debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**\*\*\***

**(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

34. Defendants unfairly attempted to collect an amount not owed by Plaintiff in violation of 15 U.S.C. §§ 1692f and f(1) when they added $186.10 to the balance of the alleged debt in the absence of any statutory or contractual right to do so.

35. Plaintiff was confused, and an unsophisticated consumer would be confused, by Defendants' attempts to collect different amounts without clear explanation for the difference.

36. Stellar is liable for the acts and omissions of Dynia committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

37. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff re-alleges paragraphs 1-37 as if set forth fully in this count.

39. Dynia and Stellar made materially false statements, in violation of 15 U.S.C. §§ 1692e and 1692e(8) when they falsely stated the amount of the debt they were attempting to collect.

40. Dynia and Stellar made materially false representations, in violation of 15 U.S.C. §§ 1692e and 1692e(2) when they inexplicably claimed an increase in the balance of the alleged debt of $186.10 in 90 days.

41. Dynia and Stellar unfairly attempted to collect an amount not expressly authorized by an agreement or by law in violation of 15 U.S.C. §§ 1692f and 1692f(1) when they inflated the amount of the alleged debt in the absence of any statutory or contractual right to do so.

42. Stellar is liable for the actions of Dynia in attempting to collect the alleged debt.

43. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendants for the count alleged above for:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By:    /s/ Bryan Paul Thompson

Andrew Finko  
Andrew Finko, P.C.  
79 W. Monroe Street, Suite 1213  
Chicago, IL 60603  
Tele: 773.480.0616  
Fax: 773.453.3266  
Email: finkolaw@fastmail.fm  

Bryan Paul Thompson  
The Thompson Firm, P.C.  
One East Wacker Dr., Suite 3650  
Chicago, IL 60601  
Phone: 312-300-4167  
Fax: 312-340-5712  
bryan@bryanthompsonlaw.com